IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:26-cv-32

| | | |
|---|---|---|
| HARMONY HITCHNER,<br><br>Plaintiff,<br>v.<br><br>ELIZABETH CITY STATE UNIVERSITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Harmony Hitchner ("Plaintiff"), complaining of Defendant Elizabeth City State University ("Defendant"), alleges and says the following:

## JURISDICTION

1. Plaintiff's claims for discrimination on the basis of race, retaliation, and hostile work environment arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

2. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

3. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

4. Costs and attorney's fees may be awarded pursuant to Title VII, 42 U.S.C. § 2000e-5(k); and Fed. R. Civ. P. 54.

## PARTIES

5. Plaintiff is a White female citizen of the United States and a resident of Virginia Beach, Virginia.

6. Upon information and belief, Defendant Elizabeth City State University is a constituent university of the University of North Carolina, organized and existing pursuant to Chapter 116 of the North Carolina General Statutes, which maintains its principal place of business in Pasquotank County, North Carolina.
7. At all times relevant to this Complaint, Plaintiff was an "employee" as that term is defined by Title VII.
8. At all times relevant to this Complaint, Defendant was an "employer" as the term is defined in Title VII.

## ADMINISTRATIVE HISTORY

9. On February 12, 2025, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned the February 12, 2025 Charge the case number 14B-2025-00006. A copy of the February 12, 2025 Charge of Discrimination is attached hereto as Exhibit A.
10. The EEOC issued, and Plaintiff received, a "Dismissal and Notice of Rights" for case number 14B-2025-0006 on March 19, 2026. A copy of the March 19, 2026 Dismissal and Notice of Rights letter is attached hereto as Exhibit B.
11. On April 9, 2025, Plaintiff filed a second Charge of Discrimination against Defendant based on the Defendant's retaliatory firing of her. The EEOC assigned the April 9, 2025 Charge the case number 430-2025-02347. A copy of the April 9, 2025 Charge of Discrimination is attached hereto as Exhibit C.
12. The EEOC issued, and Plaintiff received, a "Dismissal and Notice of Rights" for case number 430-2025-02347 on April 1, 2026. A copy of the April 1, 2026 Dismissal and Notice of Rights letter is attached hereto as Exhibit D.

13. This Complaint was timely filed within 90 days from the date the Plaintiff received the first Dismissal and Notice of Rights from the EEOC.

14. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS

15. Defendant hired Plaintiff on August 8, 2024 as a Career Development Advisor for Education and Business.

16. Almost immediately upon her hiring, Plaintiff became the target of ridicule, scrutinization, shunning, animus, and hostility by her management because of her race.

17. Concerned by this, Plaintiff began keeping a journal of what she was experiencing in the workplace.

18. Plaintiff printed a copy of this journal and presented it to Dr. Shamica Long-Lane, the Chief Human Resources Officer for Defendant on or around October 22, 2024.

19. Dr. Long-Lane told Plaintiff that she would not take any action unless she filed a formal grievance.

20. Accordingly, on November 19, 2024, Plaintiff filed a formal grievance with Defendant. Plaintiff included an updated version of her journal detailing the allegations of misconduct and hostile work environment she was experiencing because of her race. A true and accurate copy of Plaintiff's November 19th grievance is attached hereto as Exhibit E.

21. On the initial Filing Form for the grievance, Plaintiff identified that she was a victim of harassment on the basis of her race/color.

22. Defendant informed Plaintiff's managers about her grievance, but Defendant did not take any steps to remedy or address the Plaintiff's legitimate concerns identified in her grievance.

23. Accordingly, Plaintiff filed a Charge of Discrimination with the EEOC on or around February 12, 2025.

24. On February 19, 2025, Defendant informed Plaintiff that she was being placed on an immediate 30-day administrative leave and that she would be fired effective March 21, 2025.

25. At the time she was placed on administrative leave, Plaintiff was meeting all of Defendant's legitimate performance expectations.

**COUNT I – HOSTILE WORK ENVIRONMENT**

26. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Defendant had an affirmative duty to maintain a workplace that was free of harassment based on Plaintiff's race.

28. As alleged above, Defendant's discriminatory conduct towards Plaintiff's race altered the terms of Plaintiff's employment with Defendant and, accordingly, constituted a hostile work environment for Plaintiff.

29. As a direct and proximate result of the hostile work environment created, nurtured, and permitted by Defendant, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

30. Plaintiff is entitled to recover her reasonable attorneys' fees and costs.

**COUNT II - RETALIATION**

31. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Title VII prohibits retaliation against employees who oppose discrimination which is prohibited by Title VII.

33. Plaintiff engaged in protected activity within the meaning of Title VII by filing a grievance with Defendant's Human Resources and a Charge of Discrimination with the EEOC.

34. Plaintiff suffered adverse employment actions in retaliation for this protected activity when Defendant placed her on administrative leave and terminating her employment.

35. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

36. Plaintiff is entitled to recover her reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. Payment for all economic damages in an amount to be proved at trial;
2. Payment for all non-economic damages, including emotional harm, in an amount to be proved at trial;
3. Payment of reasonable attorneys' fees and costs;
4. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and
5. All other relief which this Honorable Court deems just and proper.

This the 16th day of June, 2026.

COUNSEL CAROLINA

BY: ________________________________

JOSEPH D. BUDD
N.C. Bar No. 44263
1100 Wake Forest Ave.
Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733